Case 1:08-cv-00538    Document 1    Filed 01/24/2008    Page 1 of 4

AEE

FILED
JANUARY 24, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 538

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON, and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND, | ) ) ) ) ) ) ) ) |
| and | ) Case No. |
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and BRAD WEBB as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND, | ) ) ) Judge: ) ) ) |
| Plaintiffs, | ) Magistrate Judge: ) ) |
| v. | ) ) |
| SIANO TRUCKING, SERVICE , INC., | ) ) |
| Defendant. | ) |

JUDGE GUZMAN
MAGISTRATE JUDGE NOLAN

## COMPLAINT

Plaintiffs TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND ("Welfare Fund") and TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER and BRAD WEBB as Trustees of LOCAL No. 731, I. B. of T. PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND ("Pension Fund") (collectively,

"the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of its complaint against Defendant SIANO TRUCKING, INC., state as follows:

## FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant SIANO TRUCKING, INC. (hereinafter "Defendant Company"), is an Illinois corporation that is registered to do business in the state. At all relevant times, the Defendant Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a)

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). At all relevant times, the Defendant Company was a party to successive collective bargaining agreements (herein "Agreement"), which obligate the Defendant Company to make monthly contributions on behalf of all of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of

each covered employee by the 20th of every month or be subject to 10% late fee, which increases to 20% once a lawsuit is filed, as liquidated damages and assessed interest on any late payment and collection costs incurred by the Funds in seeking collection of the delinquent contributions.

5. Notwithstanding the Defendant Company's obligations under the Agreement, the Defendant Company has failed to properly report and/or remit contributions to the Funds for the work months of October 2007 and continuing to the present.

6. The Defendant Company previously remitted a payment to the Funds for contributions for October 2007; however that payment was returned for insufficient funds and no replacement check has been remitted to the Funds.

7. The Defendant Company owes interest and liquidated damages for its untimely remittance of its contributions and reports for various months during the period of February 2007 through the present.

8. Despite demand duly made, the Defendant Company has not remitted the delinquent contributions or other sums owed.

9. All conditions precedent to requiring payment of these contributions amounts to the Fund have been met.

10. The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

11. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, the Defendant Company is liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20% and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against SIANO TRUCKING, INC., as follows:

1. Finding that SIANO TRUCKING, INC., violated the Agreement;

2. Finding that SIANO TRUCKING, INC., is liable to the Funds for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, and attorneys' fees and court costs for each untimely remittance;

3. Ordering SIANO TRUCKING, INC., to pay to Plaintiffs all accrued interest, liquidated damages and attorney's fees;

4. Ordering SIANO TRUCKING, INC., to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

5. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois  60603
(312) 372-1361

4