IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON, and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| and | ) Case No. 08 C 538 |
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and BRAD WEBB as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND, | )<br>)<br>) Judge Guzman<br>)<br>)<br>) Magistrate Judge Nolan |
| Plaintiffs, | ) |
| v. | ) |
| SIANO TRUCKING SERVICE, INC., | ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, I. B. of T., GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND ("Welfare Fund") and TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER and BRAD WEBB as Trustees of LOCAL No. 731, I. B. of T., PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorney, Dowd, Bloch & Bennett, pursuant to Fed.R.Civ.P. 55(b)(2), respectfully

move this Court for a judgment by default in the form of the attached proposed order, against Defendant SIANO TRUCKING, INC., (hereinafter "Defendant Company").  In support of this motion, the Funds state as follows:

1. This action is a claim for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. §1145 and to enforce provisions of a collective bargaining agreement under LMRA Section 301, 29 U.S.C. § 185.

2. The Funds filed a Complaint on January 24, 2008, seeking the following from the Defendant Company:

>   (a)  That judgment be entered in favor of the Plaintiffs and against the Defendant Company finding it liable to Plaintiffs for all unpaid contributions incurred prior to and after the filing of this suit, plus interest, liquidated damages, and attorneys' fees and court costs for each untimely remittance;
>
>   (b)  That the Defendant Company be ordered to pay all accrued interest, liquidated damages, and attorneys' fees and costs;
>
>   (c)  That the Defendant Company be ordered to pay to Plaintiffs all court costs and reasonable attorneys fees incurred for filing this suit; and
>
>   (d)  For such other legal or equitable relief as the Court deems just and proper.

3. The Defendant Company was served with the Complaint and Summons on January 30, 2008.  Proof of service was filed with the Clerk of the Court on February 5, 2008. (Exhibit "A").  The Defendant Company's Answer was due February 19, 2008.

4. As of the date of the filing of this motion, the Defendant Company had not filed an appearance or answer or otherwise plead to the Complaint.

5. Under the collective bargaining agreement ("labor agreement") between the

Defendant Company and the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731"), the Defendant Company is required to make monthly contributions on behalf of its employees covered by the labor agreement for health-welfare and pension benefits and to submit monthly remittance reports in which the Defendant Company identifies the employees covered under the labor agreement and the amount of contributions to the Funds remitted on behalf of each covered employee by the 20th of every month or be subject to 10% late fee as liquidated damages, which increases to 20% once a lawsuit is filed, and assessed interest on the late payment and collection costs incurred by the Funds in seeking collection of the delinquent amounts due.

   6.  Notwithstanding the Defendant Company's obligations under the labor agreement and despite demand being duly made, the Defendant Company has failed to remit contributions owed to both Funds for the work months of November 2007 through January 2008 and for October 2007 to the Pension Fund due to an NSF payment. The payment to the Welfare Fund for October 2007 was also returned NSF but cleared on redeposit; however, the Defendant Company still owes interest and liquidated damages to the Welfare Fund related to this untimely remittance.

   7.  The Company remitted checks to cover the contributions due for the months of November 2007 through December 2007; however, those checks were returned to the Funds for insufficient funds.

   8.  Additionally, the Defendant Company owes interest and liquidated damages for its untimely remittance of contributions and reports for February 2007 and March 2007, which remain unpaid.

9. The Defendant Company's failure to make timely contributions violates Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the LMRA, 29 U.S. C. § 185.

10. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the labor agreement, and the Funds' governing documents referenced herein, the Defendant Company is liable to the Funds for the unpaid contributions as well as interest at a rate of 1% compounded monthly, liquidated damages in the amount of 20% once a lawsuit is filed and reasonable attorneys' fees and costs.

11. According to the Collection Procedures adopted by the Trustees, in the absence of reports or information to the contrary, contributions may be estimated for the delinquent period based on the number of bargaining unit employees having last been reported prior to the delinquency period.

12. The Defendant Company has consistently reported one bargaining unit employee to the Funds.

13. Based on actual reports remitted by the Defendant Company to the Funds for the months of October 2007 through December 2007, copies of which are attached as Exhibit "B," and estimated contributions for January 2008, the Defendant Company owes the following amounts for delinquent contributions, interest, liquidated damages, accrued interest and liquidated damages but not including attorneys' fees and costs:

|  | **WELFARE** | **PENSION** |
|---|---|---|
| Actual Contributions (11/07-12/07) | $ 1,810.35 | $ 1,215.00 |
| Actual Contributions (10/07) |  | $ 540.00 |
| Estimated Contributions (01/08) | $ 804.60 | $ 540.00 |
| Interest (10/07-01/08) | $ 69.14 | $ 33.06 |
| Liquidated Damages @ 20% (10/07-01/08) | $ 522.99 | $ 459.00 |
| Accumulated LDs/Interest (2/07,03/07) | $ 190.78 | $ 118.50 |
| **Total** | **$ 3,397.86** | **$ 2,918.90** |

(See Exhibit "C" Affidavit of Cindy Perna)

14. All conditions precedent to requiring payment of these amounts to the Funds have been met.

15. The Defendant Company is also liable to the Funds for its attorneys fees and costs in pursuing collections of the delinquent contributions. Based on the amount of work Plaintiffs' counsel has completed to date and the work Plaintiffs' counsel anticipates doing in the future to bring this matter to conclusion, the Plaintiffs' have incurred or will incur attorneys' fees and costs in the amount of $2,817.03, to be divided equally between the two Plaintiffs. See Exhibit "D" Affidavit of LaKisha M. Kinsey-Sallis.

16. Accordingly, Plaintiff Local No. 731, I. B. of T.,GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND is entitled to recover a total of **$4,806.38** for delinquent amounts owed for the months of February 2007, March 2007, and November 2007 through January 2008 and Plaintiff Local No. 731, I. B. of T., PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND is entitled to recover a total of **$4,327.41** for delinquent amounts owed for the months of February 2007, March 2007, and October 2007 through January 2008 as follows:

|  | WELFARE | PENSION |
|---|---|---|
| Actual Contributions (11/07-12/07) | $ 1,810.35 | $ 1,215.00 |
| Actual Contributions (10/07) |  | $ 540.00 |
| Estimated Contributions (01/08) | $ 804.60 | $ 540.00 |
| Interest (10/07-01/08) | $ 69.14 | $ 46.40 |
| Liquidated Damages @ 20% (10/07-01/08) | $ 522.99 | $ 459.00 |
| Accumulated LDs/Interest (2/07,03/07) | $ 190.78 | $ 118.50 |
| Attorneys' Fees & Costs | $ 1,408.52 | $ 1,408.51 |
| **Total** | **$ 4,806.38** | **$ 4,327.41** |

**Total: $9,133.79**

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court to enter a judgment by default against the Defendant SIANO TRUCKING SERVICE, INC., in the form provided for in the attached proposed order, in the total amount of **$9,133.79.**

                                                               Respectfully Submitted

                                                               /s/LaKisha M. Kinsey-Sallis
                                                               One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 S. Michigan Avenue
19th Floor
Chicago, IL 60603
(312) 372-1361